TAYLOR, J.
Defendant Donald James Roberts appeals his sentence as a habitual felony offender. We reverse and remand for re-sentencing because the trial court erred in sentencing defendant as a habitual offender after revoking his probation. See State v. Akins, 69 So.3d 261, 2011 WL 2061070 (Fla.2011).
In 1996, defendant was originally sentenced to three years in prison as a habitual offender (HFO), followed by five years of probation as a habitual offender. In 2002, defendant’s probation was revoked and he was sentenced to 75.25 months in prison, followed by 84 months sex offender probation. The trial court orally pronounced that it was sentencing him as an HFO. In 2006, defendant violated his probation again. Sentencing on that probation violation was deferred to February 6, 2007. On that day, defendant was sentenced to 68.25 months in prison, followed by five years probation. However, when sentencing defendant, the trial court failed to pronounce his status as an HFO. Neither the written sentencing order nor the hearing transcript contained language indicating that defendant was being sentenced as an HFO.
Later, in 2009, when defendant’s probation was again revoked, the trial court sentenced him as an HFO to thirty years in prison with 1,522 days credit for time served. Defendant appealed his sentence, arguing that because the trial court did not pronounce that it was sentencing him as a habitual offender in 2007, the court lacked authority to impose a habitual offender sentence when it revoked his probation in 2009. He contends that the thirty-year sentence exceeds the maximum sentence allowed under the 1994 guidelines and is thus illegal.
In Akins, the Florida Supreme Court answered the following certified question in the affirmative:
IF A DEFENDANT HAS BEEN DECLARED TO BE A HABITUAL OFFENDER BEFORE THE IMPOSITION OF HIS INITIAL SPLIT SENTENCE, WHEN THE DEFENDANT LATER VIOLATES PROBATION AND HAS HIS PROBATION REVOKED, DOES THE DEFENDANT LOSE HIS STATUS AS A HABITUAL OFFENDER IF THE TRIAL COURT DOES NOT REPEAT THIS STATUS AT THE SENTENCING HEARING ON VIOLATION OF PROBATION?
69 So.3d at 263.
Here, although defendant was originally sentenced as an HFO, the trial court’s failure to subsequently impose an HFO sentence in 2007 following revocation of defendant’s probation precluded the trial court from imposing an HFO sentence *431 when it revoked defendant’s probation in 2009. Accordingly, we reverse and remand for resentencing defendant under the 1994 guidelines.

Reversed and Remanded for resentenc-ing.

WARNER and CONNER, JJ., concur.